IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


GARY O. SMITH,                                10-CV-1148-BR

      Plaintiff,

                                     OPINION AND ORDER

v.

YAMHILL COUNTY CIRCUIT COURT,

      Defendants.


**GARY O. SMITH**
793-B E. Foothill Blvd. #29
San Luis Obispo, CA 93405
(541) 531-7196

      Plaintiff, *Pro Se*


**BROWN, Judge.**

    IT IS HEREBY ORDERED that the provisional *in forma pauperis* status given Plaintiff Gary O. Smith is confirmed.  For the reasons set forth below, however, the Court dismisses Plaintiff's

1 - OPINION AND ORDER

Complaint without service of process on the ground that Plaintiff fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e).

## BACKGROUND

Plaintiff brings this action *pro se*.  In his Complaint, Plaintiff alleges Yamhill County Circuit Court Judge John Collins presided over Plaintiff's divorce trial and denied Plaintiff's request for a guardian *ad litem*.  Plaintiff also alleges during his divorce trial that "many civil procedures were violated substantive and procedural due process rights were violated afforded [*sic*] to me by the constitution."

## DISCUSSION

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A court may dismiss *sua sponte* matters over which it does not have jurisdiction.  *Zavala v. Mukasey*, No. 07-73381, 2007 WL 4515209, at *1 (9th Cir. Dec. 21, 2007).

Federal courts are courts of limited jurisdiction and are not empowered to hear every dispute presented by litigants.  See *A-Z Intern. v. Phillips,* 323 F.3d 1141, 1145 (9th Cir. 2003)("It is fundamental to our system of government that a court of the

2 - OPINION AND ORDER

United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction.  A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.")(quotations omitted)). "[District courts] are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 544 U.S. 280, 289 (2005).

"[F]ederal district courts have no jurisdiction over divorce . . . issues, which are exclusively matters of state law." *Driggers v. Idaho Dep't of Health & Welfare*, No. CV08-116-N-BLW, 2008 WL 2095683, at *1 (D. Idaho May 16, 2008)(citing *Ankenbrandt v. Richards*, 504 U.S. 689 (1992)).  In addition,

> a federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).  "This rule applies even [when] . . . the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights."  *Id.* at 486 (internal citation omitted).

*Id.*, at *4.  Finally, judges are absolutely immune from liability for damages, injunctive relief, and declaratory relief arising from their judicial acts performed in their judicial capacity. *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996), *overruled on other grounds by B. Braun Med., Inc. v. Rogers*, 163

3 - OPINION AND ORDER

F. App'x 500 (9th Cir. 2006).  "A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority."  *Meek v. County of Riverside*, 183 F.3d 962, 966 (9th Cir. 1999) (citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978)).

Plaintiff's claims arise out of his divorce proceedings in Yamhill County Circuit Court.  As noted, this Court lacks subject-matter jurisdiction over claims of this nature as well as challenges to state-court decisions.  In addition, Judge Collins is entitled to absolute judicial immunity for his actions in Plaintiff's divorce proceedings.

Because Plaintiff is proceeding *pro se*, however, the Court grants Plaintiff leave to file an Amended Complaint no later than October 25, 2010, to allege facts that establish this Court has subject-matter jurisdiction.

## CONCLUSION

For these reasons, the Court **DISMISSES** Plaintiff's Complaint for lack of jurisdiction.  The Court, however, grants Plaintiff leave to amend his Complaint **no later than October 25, 2010**, to allege facts that establish this Court has subject-matter jurisdiction.  If Plaintiff does not file an amended complaint consistent with this Opinion and Order that cures the noted deficiencies, the Court will enter a judgment of dismissal.  The

4 - OPINION AND ORDER

Court also notes Plaintiff may, in lieu of an amended complaint, move to voluntarily dismiss this action without prejudice.

IT IS SO ORDERED.

DATED this 30th day of September, 2010.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

5 - OPINION AND ORDER